UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUSTINA L. WRIGHT,

      Petitioner,

v.                                           Case No. 3:23-cv-1077-MMH-LLL

WARDEN, FLORIDA WOMEN'S
RECEPTION CENTER,

      Respondent.

## ORDER

Petitioner Justina L. Wright, an inmate of the Florida penal system, initiated this action on September 7, 2023,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition; Doc. 1)[2] in the Middle District of Florida, Ocala Division. The assigned judge transferred the action to the Jacksonville Division on September 13, 2023. See Order (Doc. 2). In the Petition, Wright challenges a 2022 (Duval County, Florida) judgment of conviction for possession of a firearm by a convicted felon. Petition at 1.; see State v. Wright, No. 2020-CF-8854 (Fla. 4th Cir. Ct.). She raises three claims for relief. In Ground One, Wright alleges that "[b]odycamera shows the officer

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

never attempted to test the legality of the tinted windows, resulting in false reports created by officer."[3] Petition at 6. In Ground Two, she asserts that the State withheld exculpatory evidence, and in Ground Three, Wright alleges "[a] toy pellet gun was mistaken for a real firearm." Id.

A review of Wright's state court docket reveals that on September 7, 2022, a jury found her guilty of possession of a firearm by a convicted felon. See Wright, No. 2020-CF-8854. On October 20, 2022, the trial court sentenced Wright to a five-year term of imprisonment. Id. Wright pursued a direct appeal to the Fifth District Court of Appeal, which remains pending. See Wright v. State, No. 5D23-342 (Fla. 5th DCA).

Although Wright invokes § 2241, she seemingly challenges the validity of her state court conviction and sentence. Therefore, the Court will consider the Petition as one brought pursuant to § 2254. See Felker v. Turpin, 518 U.S. 651, 662 (1996) (holding that federal courts' "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"); see also Medberry v. Crosby, 351 F.3d 1049, 1060-

---

[3] According to the arrest and booking report, officers discovered a firearm in Wright's vehicle during a traffic stop for illegal window tinting. See State v. Wright, No. 2020-CF-8854 (Fla. 4th Cir. Ct.).

2

61 (11th Cir. 2003) (holding that a state prisoner cannot avoid the procedural requirements of § 2254 by labeling his petition as one under § 2241). Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging her conviction. See 28 U.S.C. § 2254(b). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted).

Here, upon review of the Petition and Wright's state court dockets, it appears that Wright is attempting to bypass her state court remedies. Wright's direct appeal has not yet concluded; therefore, the Petition is premature. Once Wright's state proceedings conclude, she may challenge her conviction through a federal petition under § 2254.

Therefore, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice** to Wright filing a federal petition after she has exhausted all state court remedies.[4]

---

[4] This dismissal without prejudice does not excuse Wright from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). The one-year period of limitation is tolled during the time in which

2. The Clerk shall enter judgment dismissing this case without prejudice and close the file.

3. If Wright appeals the dismissal of the case, this Court denies a certificate of appealability.[5] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of September, 2023.

MARCIA MORALES HOWARD
United States District Judge

---

a properly-filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Wright "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

Jax-9 9/15
c:  Justina L. Wright, #C91747